

# The Attorney General of Texas

May 18, 1979

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Chet Brooks, Chairman
Senate Committee on Human Resources
State Capitol
Austin, Texas 78711

Opinion No. MW-22

Re: Constitutionality of Senate Bill 628 providing for payments for utility service to needy aged individuals.

Dear Senator Brooks:

You have requested our opinion regarding the constitutionality of Senate Bill 628, which would provide assistance to the needy elderly in the payment of monthly utility bills. The program would be administered by the Department of Human Resources and payments would go directly to vendors of the utility services. Eligibility would be limited to any person 65 years or older "who is a member of a household participating in the federal food stamp program or who is paid benefits under the federal supplemental security income program." See 7 U.S.C. §§ 2011–2027; 42 U.S.C. §§ 1381–1383.

You ask if such an expenditure of state funds would violate article 3, section 51 of the Texas Constitution, which prohibits grants of public money to individuals, or article 16, section 6, which provides that "[n]o appropriation for private or individual purposes shall be made."

Although the prohibitions of article 3, section 51 and article 16, section 6 are not applicable if the governmental expenditure is made for a proper public purpose, see State v. City of Austin, 331 S.W.2d 737 (Tex. 1960), we do not believe that Senate Bill 628 may be so characterized. This office has on numerous occasions held that similar direct grants on behalf of individuals, paid solely out of state funds, do not serve a proper public purpose. See, e.g., Attorney General Opinion Nos. H-602 (1975) (school district may not purchase personal injury protection or uninsured motorist coverage); H-520 (1975) (county may not contribute public funds to the construction of a facility to be used and operated by a private corporation); C-523 (1965) (state university may not pay an honorarium to an individual making a commencement address); V-809 (1949) (public funds may not be expended on behalf of victims of spastic or epileptic fits); O-2578 (1940) (public welfare

grants without regard to categories enumerated under article 3, section 51-a are invalid). It is therefore our opinion that Senate Bill 628 is invalid under article 3, section 51 and article 16, section 6 of the Texas Constitution.

We note that article 3, section 51-a of the Texas Constitution permits certain assistance programs when federal matching funds are available. If appropriate federal legislation were enacted, a program of the type you suggest could be implemented by the State of Texas. Otherwise, a constitutional amendment would be required.

### S U M M A R Y

A program to provide assistance for payment of utility costs for needy aged individuals would require the passage of federal legislation or a Texas constitutional amendment.

Very truly yours,

MARK   WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by Rick Gilpin
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
David B. Brooks
Rick Gilpin
William G Reid
David Young
Bruce Youngblood